## PARSONS *versus* COPELAND.

The record of a suit, in which a plaintiff had recovered judgment, cannot be used against him as an *estoppel* in a subsequent suit between him and a per-son who was not a party or privy to the first suit.

The allegations of a former writ, in which the present defendant had recov-ered judgment as plaintiff, may be used as *evidence of his admissions*, al-though the present plaintiff was neither party nor privy to such suit.

Such allegations may be shown, by introducing the record of the former suit.

The general rule that titles and interests in real estate are to appear of re-cord, has been, to some extent, controlled by the statute, which gives liens upon land, for labor and materials furnished in the erection or repair of buildings thereon.

Contracts for such labor or materials, and the furnishing of the same, are proveable by parol.

On REPORT from *Nisi Prius*, TENNEY, J.

PETITION for partition of land.

The petitioner stated his case to be *that* Buswell and Cope-land, jr. formerly owned the whole land, of which a parti-tion is now sought; *that*, while owning it, they contracted

with the petitioner to labor for them in the erection of a factory building thereon ; *that* he labored in pursuance of the contract ; *that,* in order to establish his lien, and to recover payment for his labor, he brought an action against them on the 29th of July, and attached the whole estate on the 30th of July 1847, being within ninety days of the stipulated pay-day ; *that* he recovered judgment in the suit, and set off on the execution an undivided portion of the real estate ; *that* this process is brought to have that portion set off to him in severalty ; *that,* on the 8th of Dec. 1846, before the rendition of said judgment, Buswell and Copeland, jr. conveyed the whole estate to this respondent, by deed with covenants of warranty, one Lydia White having joined with them in making the covenants.

It appeared that the petitioner's suit above named was brought upon an account, as follows : —

157 1-2 days work as joiner, commencing 5th of May and
    ending last of November, 1846,         $157,50
Interest from Dec. 1, 1846, to July 29, 1847, [date
    of writ,]                                   6
                                           ——
                                     163,50

That conveyance to the respondent was shown by evidence from the registry of deeds.

In order to show that he was entitled to the lien, and had perfected it as above stated, the petitioner proved by record evidence the ownership in Buswell and Copeland, jr., also his attachment, judgment and levy. To prove the contract, the pay-day, and the performance of the labor under the contract, he introduced a record of a suit at law brought by the respondent against said warrantors for a breach of their covenants, wherein he alleged, as a breach, the fact of the petitioner's title as he has above stated it, and in which suit the respondent recovered judgment against said Lydia White upon her offer to be defaulted, and the petitioner contended, that the respondent is estopped to deny the truth of those allegations, made by himself in said suit.

To the introduction of the record of that suit, the respondent objected, on the ground, that the petitioner was no party to it, and denied that he was, in this process, estopped by it to deny its allegations.

That suit had been submitted to the full Court, upon a report drawn up by the then presiding Judge. A copy of that report was put into this case by the petitioner, though it was objected to by the respondent.

This case is submitted for decision.

*J. Crosby*, for the plaintiff.

*J. & M. L. Appleton*, for the defendant.

The defendant's title has been shown by deed. The plaintiff to recover must show *a better record title*. Both must alike claim by and through a recorded title. The protection of the public, the spirit and object of the registry law, require this. The only sources for information, upon which a purchaser is to rely, are the records found in the registry of deeds and in the records of the several judicial Courts of the State. The facts necessary to sustain or establish a title, must there appear and of record. The inquirer is bound to seek no further. He is bound only by what there appears. This statute gives special favors to mechanics, and if they would claim the advantage of its provisions, they must affirmatively show their claim to be within the statute. This must appear of record, for a purchaser is not bound to look elsewhere, and is to be affected only by what he may find on such examination. If he is once required to look beyond the records, what are the limits?

These remarks apply as much to the fact of *time when* the suit was brought and that it was *seasonably* brought, as to the fact that the work was done upon a building, or any other fact necessary to be shown to make out a case under this statute. It should then appear *of record*, that the suit was brought within " *ninety days from the time, when such payment becomes due.*" It must so appear *of record*, else the individual, who examines the records, may examine them in vain.

Parsons *v.* Copeland.

The petitioner's writ in the former suit shows, upon its face, that it was not issued within the ninety days. The work was completed Nov. 30, 1846. The time of payment was when the work was done. It is nowhere alleged that it was payable on time, nor on what time, if any. Yet the writ was not sued out till July 29, 1847.

To avoid this impediment, the counsel claim to prove, *ab extra*, that the debt, though apparently due when the work was done, and though it so appears in his declaration, was in fact payable at six months. For that purpose he introduced the record of the judgment, *Copeland* v. *Buswell & al.*, to show from the respondent's own allegations in that writ, that this petitioner had performed the service and had brought his suit *within the time* allowed by the statute. But that record is inadmissible. It is *res inter alios.* The petitioner was, or might have been, a witness.

Upon no principle can he invoke a judgment obtained upon his testimony, or where his testimony was admissible.

To render a judgment admissible, the right must be *mutual.* Now the defendant could not bind the plaintiff by this judgment, neither can the plaintiff bind the defendant thereby. 1 Greenl. Ev. § 522, 523, 524.

It is not admissible because the object of its introduction is to *contradict or vary* the record of the judgment, upon which the plaintiff relies and through which he claims. The plaintiff's claims, as set forth in his writ, are on an account annexed, which was due Nov. 30, 1846, the day the labor was finished, — the plaintiff claims to contradict the record of his own judgment by the record of the judgment in the case, *Copeland* v. *Buswell & al.* It is not competent for him to do so.

The law of estoppel does not arise. The plaintiff is not a *party* nor a *privy* to the judgment, *Copeland* v. *Buswell & al.*, which he invokes in aid of his title.

"None but parties and privies shall have advantage by estoppels," &c. Jacob's Law Dic. Estoppel.

It is only an estoppel between the *same parties and privies*

in respect of the same fact or title. Outram v. Marwood,
3 East, 345.

Shepley, C. J. — The title of the petitioner must depend
upon proof, that he performed labor by virtue of a contract,
upon a building erected by Copeland and Buswell, whereby a
lien upon the estate for its payment was created under the pro-
visions of the statute, chap. 125, sect. 37, 38.

He appears to have commenced a suit against them on July
29, 1847, and to have caused the estate to be attached, and to
have recovered judgment and caused an execution issued
thereon, to be levied upon an undivided portion of the
estate.

The respondent exhibits a conveyance of the whole estate
from Copeland and Buswell with Lydia White to himself,
made on December 8, 1846.

To prove that he performed the labor and thereby acquired
a lien upon the estate, before it was conveyed to the respond-
ent, the petitioner introduced a copy of the record of a suit
commenced by the respondent against his grantors.

The counsel for the respondent insist, that it is not legal
testimony.

Although it is not the record of a suit between the same
parties, it may be legally introduced to prove the declarations
or averment made by the then plaintiff and present respondent
respecting the rights of the petitioner.    Ellis v. Jameson,
17 Maine, 235 ;  Cragin v. Carleton, 21 Maine, 492 ;  Heane
v. Rogers, 9 B. & C. 577 ; 1 Greenl. Ev. sect. 195, and sect.
527, a.

The counsel for the petitioner insists, that the effect of the
averments contained in that declaration, is to estop the re-
spondent from denying their truth.

Parties and privies only are bound by estoppels, which must
be mutual.

That record constitutes no muniment of title, and the peti-
tioner was no party to it.   It does not therefore operate by
way of estoppel.   Those averments operate only by way of

admission of the petitioner's rights. They are full to the effect, that the petititioner had acquired a lien upon the estate for the payment of his labor. There is no proof introduced by the respondent, that they were made under any misapprehension of his legal rights ; or tending to explain or contradict them.

The report of the presiding Judge made in that case, was but an exhibition of the testimony introduced. It did not contain any declaration or admission made by either party ; and it is not admissible as testimony in this case.

The declaration in the action of the petitioner against Copeland and Buswell contained averments, that the labor was performed by virtue of a contract upon a woolen factory, according to an account annexed, which appears to have been for 157½ days work, commencing on May 5, and ending last of November, 1846. The declaration does not state, that payment was to be made at a future day or time, or that it was not to be made as soon as the labor had been performed.

It does not therefore appear *of record*, that the petitioner had acquired a title superior to that of the respondent. The petitioner's title is therefore resisted by an argument alleging in substance, that if allowed to be effectual, no purchaser can in such cases ascertain by the records, whether he can acquire a good title to an estate ; that, if parol evidence may be admitted to prove any fact necessary to make out a title to real estate, there can be no safety in taking titles and conveyances of it.

If the effect should be, that the records cannot be so much depended upon for information respecting titles, as they formerly were, this Court cannot refuse to give effect to a title acquired according to the provisions of a statute. The legislature must determine how far it is expedient to authorize titles to real estate to be acquired without requiring all the facts necessary to make out such titles to be exhibited by the records.

This Court can only explain and apply the enactments of the legislative department, when they are made in conformity

to the provisions of the constitution.    It cannot determine
that no fact necessary to make out a title to real estate shall
be established by parol testimony.

The statute provides, that "such lien shall continue in
force for the space of ninety days from the time, when such
payment becomes due;" and that the benefit of it may be
secured by attachment within the ninety days.

There is no provision, that the declaration shall state,
whether any time for payment was allowed; or the time
" when payment becomes due."    It must be proved therefore
like any other fact, by any legal testimony.

No other objections to the title of the petitioner are pre-
sented.                                     *Judgment for partition.*