[S. F. No. 7564. Department Two.—February 13, 1918.]

# BRAINARD AVERY, Respondent, v. ERNEST A. WILTSEE, Appellant.

ATTORNEYS—ACTION FOR SERVICES—EVIDENCE—COMPLAINT IN ACTION BY THIRD PERSONS CHARGING CLIENT WITH FRAUD—ADMISSIBILITY TO SHOW NATURE OF SERVICES.—In an action by an attorney for services, a complaint in an action against the client by third parties charging him with fraud was clearly admissible for the one purpose of showing the nature of services performed in negotiating and finally securing a dismissal of that suit, and, therefore, its reception in evidence was not error, although the supreme court may suspect that the jury was improperly influenced thereby, and it would have been more just to have excluded it.

ID.—EVIDENCE—LETTERS IN REPLY TO OTHERS ALREADY IN EVIDENCE—EXCLUSION NOT PREJUDICIAL.—Although letters of third parties to defendant in reply to other letters by defendant to the same parties, already offered by plaintiff and received in evidence, may be technically admissible under the rule that when one part of a writing is given in evidence by one party, the whole on the same subject may be inquired into by the other, and that when a detached writing is given in evidence any other writing necessary to make it understood may also be given in evidence, a court should be reluctant to admit evidence which in itself is incompetent because of a more or less remote or inferential connection with evidence that is properly admitted. The purpose of a trial is to do justice between the parties, and even though such letters by reason of some slender thread of connection are technically admissible under the rule mentioned, it is not prejudicial error to exclude them unless their rejection results in a substantial miscarriage of justice.

ID.—EVIDENCE OF EMPLOYMENT—REJECTION OF INSTRUCTIONS GIVEN BY DEFENDANT TO AN AGENT.—Where in an action by an attorney for services the plaintiff based his claim on a direct employment by the defendant, and not upon employment by an agent of the defendant, the rejection of evidence offered by the defendant of his instructions to such agent with reference to the scope of his employment, not communicated to the plaintiff, is not prejudicial error unless its rejection results in a miscarriage of justice.

ID.—REFUSAL OF ORDER TO PRODUCE BOOKS.—It is not error to refuse an order for the production of the books of a party to an action, where the action has been pending more than a year and the demand for production is made after the action has been on trial sixteen days and where the books are in New York.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Bernard J. Flood, Judge.

The facts are stated in the opinion of the court.

Charles S. Wheeler, John F. Bowie, and Charles S. Wheeler, Jr., for Appellant.

Wise & O'Connor, for Respondent.

WILBUR, J.—Defendant appeals from a judgment, after verdict, for the sum of seven thousand five hundred dollars, in an action for attorney's fees. The main proposition urged is that the evidence is insufficient to justify the verdict. The typewritten transcript, containing the testimony of only two witnesses, plaintiff and defendant, with exhibits, covers three thousand pages; the printed briefs, 380 pages. Plaintiff claims that for more than two years he was actively engaged as attorney for the defendant in an endeavor to combine certain mining properties in Mexico, to adjust the claims against said properties, to settle a lawsuit growing out of the transactions involved therein, and in so' doing participated in the organization of a corporation in Canada to take over said properties and issued its stock and debentures, the same to be sold for the purpose of paying off certain judgments and claims against the Mexican mining properties. The amount involved in these various transactions was four million dollars. Plaintiff sued for twenty-five thousand dollars attorney's fees. The contentions of the respective parties were submitted to the jury under instructions which are conceded to be correct. Defendant contends that certain services performed by the plaintiff were not authorized by him and were without any value, etc. All the evidence for and against these claims was submitted to the jury. It is sufficient to say that there was substantial evidence to justify the verdict.

Certain rulings of the trial court on the admissibility of documentary evidence are complained of by defendant. In each instance the contents of the documents were confessedly incompetent as hearsay declarations of third parties. Each was offered because of its more or less remote connection

with the issues in the case. The plaintiff offered in evidence a verified complaint filed against defendant in an action brought by certain stockholders in one of the mining companies involved in the proposed organization, charging the defendant with fraud. It was conceded that the defendant was not guilty of the fraud therein charged, but the ground upon which the complaint was offered was to show the nature and character of the services performed by the plaintiff in warding off the filing of the complaint, and in negotiating with the attorneys for the plaintiff in that fraud suit, and finally in securing its dismissal. Court and counsel made every possible effort to prevent the jury from giving the evidence any other effect than that for which it was offered. Notwithstanding this, appellant claims that the ruling is prejudicially erroneous because ''accusations of misrepresentations and fraud, attached to any person's name, are calculated to create prejudice against such person.'' But where, as here, the evidence is clearly admissible for one purpose, its reception in evidence is not error, even though we may suspect that the jury was improperly influenced thereby, and even though it would have been more just to have excluded the evidence.

The defendant offered in evidence certain letters written by third parties to him. None of these letters nor any information contained therein had been communicated to the plaintiff. They contained statements, confessedly hearsay, that the plaintiff had neglected his duty. The defendant offered these letters as a part of the correspondence between defendant and the said third parties, to explain certain letters of the defendant in reply thereto already introduced in evidence by the plaintiff. The rule upon that subject is that ''when part of an act, declaration, conversation, or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other; . . . and when a detached act, declaration, conversation, or writing is given in evidence, any other act, declaration, conversation, or writing, which is necessary to make it understood, may also be given in evidence.'' (Code Civ. Proc., sec. 1854.) It is by no means easy to apply this rule to all the ramifications of the evidence in a trial. In passing upon the admissibility of such evidence, where the connection is doubtful, it is a safe rule to exclude evidence otherwise incompetent,

where its admission would be prejudicial if erroneous. A court should be reluctant to admit evidence which in itself is incompetent, because of a more or less remote or inferential connection with evidence that is properly admitted. The purpose of a trial is to do justice between the parties, and even though such evidence, by reason of some slender thread of connection, is technically admissible under the above rule, it is not prejudicial error to reject it, unless its rejection results in a "miscarriage of justice." (Const., art. VI, sec. 4½.) Where a party seeks to introduce incompetent evidence, relevant, if at all, only because connected with other evidence already in the case, and admissible solely because of such connection, and where, if erroneously admitted, it would be prejudicial to one of the parties, and would have little, if any, proper weight with the jury, the trial court, if in doubt as to the sufficiency of the connection shown, should resolve the doubt in favor of the exclusion of the evidence, for the error in its exclusion, if any, would not be prejudicial to either party, while the error in its reception, if any, would be prejudicial to the party against whom it is offered. Suffice it to say that no prejudicial error was committed in the exclusion of these letters. It is therefore unnecessary to enter into an elaborate discussion of the situation which defendant claims sufficiently connects these letters with the evidence to make them competent.

Appellant offered evidence of his instructions given to an agent named Mayer with reference to the scope of his employment. These instructions were never communicated to the plaintiff, who had been notified by the defendant that Mayer represented him and was thereby fully justified in conferring with Mayer concerning the various matters on which he was employed. Plaintiff did not base his claim of employment upon the authority of Mayer at all, but upon direct employment by the defendant. No error was committed in excluding this testimony.

Appellant complains that the court refused to make an order during the trial directing the plaintiff to produce his account books showing the expenditures made by plaintiff on behalf of the defendant. The demand for the production of these books was made on the sixteenth day of the trial. The case had been pending for more than a year. The trial began April 28, 1915, and the jury were instructed June 4, 1915.

At the time the demand was made the books were in New York. Plaintiff was entitled to reasonable notice to produce said books. (Code Civ. Proc., secs. 1855, subd. 2, and 1938.) Defendant could have demanded a bill of particulars (Code Civ. Proc., sec. 454), or an inspection of these books (Code Civ. Proc., sec. 1000). Not having done so, there was no error in refusing the demand made at the trial under the circumstances indicated.

The judgment is affirmed.

Victor E. Shaw, J., *pro tem.*, and Melvin, J., concurred.