[Civ. No. 2048. Fourth Appellate District.—November 8, 1937.]

D. E. THOMPSON, Appellant, v. MUNICIPAL BOND COMPANY, Respondent.

Roger Marchetti and Calvin E. Woodside for Appellant.

Donald J. Dunne, Bailie, Turner & Lake and Richard A. Turner for Respondent.

JENNINGS, J.—The plaintiff instituted this action on March 12, 1936, for the purpose of recovering the principal and interest of four promissory notes executed by the defendant on September 16, 1932, and made payable to plaintiff or order. The principal sum mentioned in each note was $3,045, and the due date specified in each instrument was October 1, 1934. The complaint alleged that the consideration for the execution of each note was the postponement by the plaintiff of the payment of certain amounts which the defendant was obligated to pay to plaintiff by the terms of a written agreement entered into between plaintiff and defendant on March 14, 1932. A copy of this agreement was attached to the complaint as an exhibit thereto and by reference made a part thereof.

The defendant's answer to plaintiff's complaint admitted the execution of the four notes and alleged that the instruments were executed and delivered by defendant solely in connection with and as a modification of the written agreement between the parties which was made on March 14, 1932. It was, however, alleged that on or about March 5, 1934, the plaintiff had abandoned the written contract of March 14, 1932, and that the defendant acquiesced in and accepted plaintiff's abandonment of said contract and rescinded the same, tendering to plaintiff everything of value which had been received by defendant pursuant to the agreement and that as a result of such abandonment and rescission and the failure of plaintiff to perform his part of the agreement nothing was due plaintiff on the notes. As a separate and affirmative

defense to plaintiff's complaint the answer alleged in detail certain transactions between the parties which culminated in the making of the contract of March 14, 1932, its subsequent modification which resulted in the execution of the four notes mentioned in the complaint, and the facts which were claimed to have amounted to an abandonment of the agreement by plaintiff, together with defendant's acquiescence in and acceptance of such abandonment and its rescission of the agreement.

Trial of the issues thus framed before the court without a jury resulted in the rendition of a judgment in defendant's favor from which the plaintiff has prosecuted this appeal.

The chief contention here advanced relates to a certain finding made by the trial court which is declared to be lacking in proper evidentiary support. This finding is in the following language: "That by the commencement of said action numbered 364437 and the service of summons therein on said Municipal Bond Company said D. E. Thompson abandoned and repudiated said agreement of March 14, 1932." Intelligent consideration of appellant's contention with respect to this finding requires some reference to the facts which were developed during the trial.

During the years 1927, 1928, and 1929 respondent sold to appellant a considerable number of bonds issued by the county of San Diego. These bonds were known as road district improvement bonds and the aggregate par value thereof was $87,000. In addition to the bonds which appellant thus purchased for himself he also bought for his sister similar bonds from respondent whose face value amounted to $4,000. Subsequent to the purchase of the bonds as hereinabove stated and during the year 1931 appellant, on behalf of his sister and himself, asserted claims and demands against respondent which were based on alleged misrepresentations of facts claimed to have been made by respondent to appellant for the purpose of inducing appellant to purchase the bonds. On March 14, 1932, an agreement in writing was executed between appellant as first party and respondent as second party. The opening paragraph of this contract contained the following recitation: "Underlying this agreement are the differences existing between first party on the one hand, and second party on the other hand, arising out of the purchase by first party from second party of an aggregate of seventy

thousand ($70,000.00) Dollars par value of bonds of San Diego County Road District Improvement number Fifty two (52) together with also an aggregate of Twenty One Thousand Dollars ($21,000.00) par value of bonds of San Diego County Road District Improvement Number Twenty five (25)." The next two paragraphs of the instrument were devoted to a particular description of the bonds. The following language then appeared: "First party has asserted certain claims and demands against second party in connection with the purchase by first party of said R. D. I. bonds and with respect to certain alleged representations pertinent thereto. Said claims and demands have been denied and disregarded by second party. With a view to finally settling, compromising and adjusting all claims, demands, and differences whatsoever that have arisen in connection with said transactions, and as full accord and satisfaction thereof, It is mutually agreed by and between the parties hereto . . ." The substance of the agreement which was then recited was that respondent would purchase from appellant for cash and appellant would sell to respondent all interest coupons attached to said bonds which should thereafter mature for the par value of such coupons at or after the time of maturity and respondent would also purchase from appellant for cash all the bonds as said bonds should mature and become due, the price to be paid therefor being the par value of said bonds. The agreement further provided that "the faithful discharge of the rights and obligations herein created shall act and operate as the full and complete release and relinquishment of any and all claims and demands which first party might or could have against second party arising out of or in connection with the purchase by first party from second party of said R. D. I. bonds and/or any other bonds heretofore purchased from second party by first party either for himself or for the account of others, and/or arising out of or in connection with any and all past transactions or relationships whatsoever between the parties hereto". On September 16, 1932, the aforementioned agreement was modified by respondent's execution and appellant's acceptance of the four promissory notes whose collection was sought by the present action. These notes were given in lieu of cash payments which were then due or would presently become due from respondent under the terms of the contract of March 14, 1932, on account

of interest accrued on the bonds therein mentioned on July
2, 1932, January 2, 1933, July 2, 1933, and January 2, 1934.
As a condition precedent to his acceptance of the four notes
appellant insisted that respondent pay him the amount of
principal and accrued interest on the four bonds which ap-
pellant had purchased for his sister. This was accordingly
done and on September 16, 1932, respondent drew its check
for $4,038.88 in favor of appellant's sister, said sum repre-
senting the face value of said bonds in the amount of $4,000,
plus $38.88 interest due on the bonds. Subsequently an ad-
ditional payment of $140 by way of interest due on said bonds
was made to appellant's sister. On October 21, 1933, appel-
lant instituted an action No. 364437 in the Superior Court
of Los Angeles County against respondent and a number of
other defendants, including various officers and directors of
respondent. Service of process therein was made on re-
spondent on March 5, 1934. To the complaint filed in said
action respondent demurred. The demurrer was sustained
as to part of the pleading and overruled as to part. There-
after and on August 9, 1935, appellant filed a first amended
complaint in said action to which respondent interposed
demurrers which were sustained in part and overruled in
part. Subsequently on October 3, 1935, a second amended
complaint was filed by appellant and demurrers thereto were
again filed by respondent which were again partly sustained
and partly overruled. Neither the original complaint nor
the amended complaints filed in said action were verified.
No additional complaint was filed by appellant after the sec-
ond amended complaint was filed. No answer was filed by
respondent in the action. At some prior time to the institu-
tion of the present action, action No. 364437 was voluntarily
dismissed by appellant. Since respondent's answer raised
the issue that the institution of action No. 364437 constituted
an abandonment of the agreement of March 14, 1932, and
the trial court expressly so found, a finding which is attacked
by appellant, it becomes important to discover the nature
of this prior suit.

The original complaint in the action contained four causes
of action. The first three were based on fraud which it was
alleged had permeated the original transactions between ap-
pellant and respondent during the years 1928 and 1930,
whereby bonds having a total face value of $88,173.60 were

sold to appellant by respondent. The fourth cause of action was based on fraud alleged to have been practiced and misrepresentations alleged to have been made by respondent to induce appellant to enter into the contract of March 14, 1932, whereby appellant was deprived of pursuing the statutory remedy of a suit against respondent's directors and stockholders to recover damages for the fraud practiced upon him until the time within which such remedy was available had expired. The total amount of damages claimed by appellant in this complaint was $85,160. Each of the two amended complaints filed in said action contained three causes of action based on fraud alleged to have been practiced on appellant by respondent in connection with the sale to appellant of the bonds. In neither of these amended complaints was any cause of action attempted to be stated for fraud and deceit inducing appellant to enter into the compromise agreement of March 14, 1932.

In connection with respóndent's claim that the institution of the above-mentioned action constituted an abandonment by appellant of the compromise agreement of March 14, 1932, it was shown that after service of process in the action had been made on respondent and on June 29, 1934, respondent addressed a letter to appellant stating that respondent ''has accepted and does hereby accept your abandonment of said contract as evidenced by your act in commencing that certain action in the Superior Court . . . numbered therein No. 364437 . . . '' This communication further contained a statement to the effect that respondent ''has rescinded and does hereby rescind said contract'' referring to the agreement of March 14, 1932, ''and does hereby tender to you and offer to return to you everything of value received by it under said contract, when you return to Municipal Bond Company everything of value received by you under said contract'' specifying the four bonds which respondent had taken back and for which it had paid appellant's sister a total of $4,178.85 and a considerable number of interest coupons detached from other bonds, which coupons matured on July 2, 1932, and demanding that appellant return the sum of $4,178.85 and the four promissory notes executed on September 16, 1932.

It is apparent, not only from the provisions of the written agreement of March 14, 1932, but also from other evidence

produced during the trial that it was intended by the parties to said agreement that it should effect a compromise and settlement of appellant's claim that fraud had been practiced upon him by respondent in connection with the sale to him by respondent of the bonds in question. The record, for example, contains a statement of facts which were expressly stipulated to be true. Among the facts therein set forth the following statement is included: ''That during the latter part of the year 1931, D. E. Thompson, the plaintiff in this action, asserted certain claims and demands against the Municipal Bond Company, based upon alleged misrepresentation of facts claimed to have been made by said Municipal Bond Company to induce the plaintiff in this action to buy and purchase said bonds and each of them from the Municipal Bond Company. That on or about the 14th day of March, 1932, in order to fully settle, compromise and adjust the claims and demands so asserted by Mr. Thompson, the plaintiff in this action, the plaintiff and the Municipal Bond Company made, executed and entered into an agreement in writing dated the 14th day of March, 1932, which is in evidence as Plaintiff's Exhibit 3 by reference.'' The testimony of respondent's witness, Harold B. Reed, who was the president of respondent, also shows that in the month of January, 1932, appellant asserted claims against respondent which were based on alleged misrepresentations of fact made to him by an agent of respondent. It is clear, therefore, that the written agreement of March 14, 1932, was entered into for the definite purpose of settling and compromising such claims. It is also clear from the evidence and as to this fact there is, as we understand it, no dispute that the written agreement of March 14, 1932, was modified in September of the same year by respondent's executing the notes for whose collection the instant action was brought and by appellant's acceptance of said notes. It also appears that before appellant would consent to the modification of the contract of March 14, 1932, in the manner stated he insisted that respondent should repurchase and pay cash for four bonds each having a par value of $1,000, which had been sold to appellant's sister and that this condition was fully performed by respondent.

Since it is evident that appellant had completely settled and compromised his asserted claim that he had been

defrauded in the sale of the bonds by his execution of the agreement of March 14, 1932, as modified in September, 1932, it is proper to inquire what consideration respondent received for its agreement to repurchase the bonds. Obviously, the sole consideration for respondent's agreement was the extinguishment of appellant's claim that he had been defrauded. It may further be observed that although the written agreement of compromise contains no express covenant by appellant not to sue for fraud, it is apparent that such a covenant is proper to be implied from the terms of the contract.

On October 21, 1933, the date on which appellant instituted action No. 364437 whereby he sought to recover damages for the alleged fraud practiced upon him, the evidence showed that respondent was not in default as to its part of the compromise agreement of March 14, 1932. The same situation existed when service of process in said action was made on respondent on March 5, 1934. Respondent had then rendered partial performance of the compromise agreement as modified by its repurchase of the four bonds sold to appellant's sister. None of the notes which had been executed in conformity with the modified agreement of compromise was due. At this time, that is, the date on which service of process was made, respondent had a perfect defense to the first three causes of action alleged in the complaint in said action. Each of these causes of action was founded on fraud alleged to have been practiced by respondent in its sale of the bonds to appellant. However, all such claims had been settled by the execution of the compromise agreement and this agreement if not rescinded would therefore have been a bar to the action so far as it was based on fraud which entered into the original sale of the bonds. (*Westerfeld* v. *New York Life Ins. Co.*, 129 Cal. 68 [58 Pac. 92, 61 Pac. 667].) Respondent did not, however, elect to stand on the compromise agreement and plead it as a defense to the action. It chose instead to signify to appellant that it considered the institution of the action as an abandonment by appellant of the compromise agreement in which it acquiesced and that it therefore rescinded the contract of compromise offering at the same time to return to appellant everything of value which it had received under said contract and demanding that appellant likewise surrender the benefits he had received thereunder, specifying the money it had paid for the four

bonds which it had repurchased and the four promissory notes which it had executed in appellant's favor on September 16, 1932. In so doing respondent effectually cut itself off from its right to rely on the compromise agreement as a bar to the first three causes of action in the original complaint in said suit and was thenceforth relegated to meeting the charge of fraud pleaded in said causes of action. When appellant was apprised of respondent's attitude he chose to continue the prosecution of said action No. 364437. The record shows that he thereafter filed two amended complaints in the action in each of which he sought damages for the fraud which he alleged had been practiced upon him in connection with the original sale of the bonds. He did not, however, in these amended complaints seek to recover damages for fraud and misrepresentation inducing him to make the compromise agreement. Evidently he abandoned his claimed cause of action in this regard which he had pleaded in his original complaint. Subsequently after he had filed a second amended complaint to which demurrers filed by respondent were in part sustained he voluntarily dismissed action No. 364437 and thereafter instituted the present action seeking to recover on the four promissory notes.

It is our conclusion that the trial court's finding that appellant by his institution of the prior suit and his service of process therein on respondent had abandoned the agreement of compromise is justified by the record. ▇ It is settled that an abandonment of a contract by consent may be implied from the acts of the parties. (*Newell* v. *E. B. & A. L. Stone Co.*, 181 Cal. 385 [184 Pac. 659, 9 A. L. R. 993]; *Treadwell* v. *Nickel*, 194 Cal. 243 [228 Pac. 25]; *Tompkins* v. *Davidow*, 27 Cal. App. 327 [149 Pac. 788]; *Tatterson* v. *Kehrlein*, 88 Cal. App. 34, 47 [263 Pac. 285]; *Jones* v. *Noble*, 3 Cal. App. (2d) 316, 322 [39 Pac. (2d) 486].) A rescission by consent is implied by a refusal to comply with a contract in which the other party thereto has acquiesced. (*Mettler* v. *Vance*, 30 Cal. App. 499 [103 Pac. 910]; *Carter* v. *Fox*, 11 Cal. App. 67 [103 Pac. 910].) The question of whether or not an agreement has been abandoned is a mixed question of law and fact (*Ross* v. *Tabor*, 53 Cal. App. 605 [200 Pac. 971]; *Jones* v. *Noble, supra*), and the trial court's finding that appellant had abandoned the compromise agreement being supported by the evidence may not be disturbed.

■ Appellant presents certain complaints with reference to the reception in evidence by the trial court of the original and amended complaints in action No. 364437. It is contended, in the first place, that these pleadings were improperly admitted. This contention is without merit. Respondent had expressly pleaded the institution of the prior action as an abandonment by appellant of the compromise agreement by way of affirmative defense to appellant's cause of action on the notes. The fact of the bringing of the prior action was therefore an important matter in issue in the present suit and the nature of the prior action was important since its effect was claimed to amount to an abandonment of the contract which was the foundation of the cause of action alleged by appellant in the present action. (*Kamm* v. *Bank of California*, 74 Cal. 191, 197 [15 Pac. 765] ; *Coward* v. *Clanton*, 79 Cal. 23, 28 [21 Pac. 359].)

■ It is next contended with reference to the pleadings in the prior suit that since they were introduced by respondent and received in evidence all facts alleged in said pleadings must be deemed to be admitted by respondent. In this connection it is apparently urged that the voluminous allegations contained in said pleadings show that appellant had a cause of action for damages for deceit which induced him to enter into the compromise agreement of March 14, 1932. It is, we think, a sufficient answer to the contention thus advanced to point out that the pleadings in the prior action were introduced for the purpose of showing the nature of such prior action. Respondent had expressly raised the issue that the institution of the prior action constituted an abandonment of the compromise agreement. This issue could only be determined by an inspection of the pleadings in such action wherein appellant had attempted to state the causes of action upon which he then relied. (*Williams* v. *Hartford Ins. Co.*, 54 Cal. 442, 449 [35 Am. Rep. 77] ; *Froeming* v. *Stockton Elec. Ry. Co.*, 171 Cal. 401 [153 Pac. 712, Ann. Cas. 1918B, 408] ; *Avery* v. *Wiltsee*, 177 Cal. 484 [171 Pac. 95].) Under these circumstances it is obvious that respondent is not bound by the facts alleged in such pleadings on the theory that since it introduced the pleadings in evidence for the limited purpose stated it thereby admitted that such facts were true.

Appellant makes certain other contentions which deserve mention. It is pointed out, for example, that appellant was entitled to bring an action for deceit inducing him to make the compromise agreement without abandoning the agreement since thereby he would have been affirming the contract and claiming damages for the fraud which induced him to make it. It is then urged that the allegations contained in the pleadings in the former suit when properly analyzed state a cause of action for damages based on deceit inducing appellant to execute the compromise agreement. In this regard it is maintained that the fraud alleged to have been practiced on appellant in connection with the original sale of the bonds is precisely the same fraud which later induced him to execute the compromise agreement. This last contention is not warranted by the allegations contained in the three complaints which were filed by appellant in action No. 364437. Examination of these pleadings discloses that the original complaint filed therein attempted to state four causes of action. In the first three causes of action he alleged that he purchased the bonds as a result of certain specific representations concerning the assessed and actual value of the property against which the bonds were issued which representations he later discovered were false and that his discovery of the falsity of such representations was not made until a designated time because of specified reasons, one of which was that he conferred with certain officers of respondent after a default in payment of interest due on the bonds had occurred and said officers assured him that the default was purely temporary, that the underlying securities were adequate, that the bond issue was sound and that these officers then proposed that respondent should guarantee the payment of principal and interest of the bonds and to effect such guarantee the agreement of compromise was executed. In these causes of action no effort was made to claim damages for misrepresentations inducing appellant to execute the compromise agreement. Reference was therein made to the execution of this agreement solely for the purpose of explaining why appellant had not earlier discovered the misrepresentations which he claimed had originally induced him to buy the bonds and which formed the basis for his demand for damages. The fourth cause of action was, however, entirely different from the first three. Therein he alleged that he

was induced to execute the compromise agreement by misrepresentations made to him by respondent, that he was thereby lulled into a sense of security and his right to maintain an action against the stockholders of respondent to enforce the liability imposed by law upon such stockholders was delayed until he was deprived of such remedy by lapse of time to his damage. This fourth cause of action was one that sounded in deceit inducing appellant to execute the compromise agreement and it may be conceded that the institution of an action so grounded would furnish no basis for a claim by respondent that thereby appellant had abandoned and renounced the contract of compromise. It must, however, be observed that a demurrer interposed to the fourth cause of action by respondent was sustained without leave to amend and it is significant that in the two amended complaints thereafter filed by appellant no mention was made of the compromise agreement. Its execution was not even pleaded as a reason for appellant's failure to have made earlier discovery of the misrepresentations which he claimed had induced him to purchase the bonds for which he continued to maintain his right to damages.

Appellant also contends that the institution by him of the prior action did not estop him from maintaining the present action for breach of the compromise agreement since it is a settled principle of the law of estoppel that it must appear that a detriment was suffered by the person who relies on application of the principle of estoppel in order that the doctrine may be applicable. Here it is declared that there was no showing that respondent had altered its position to its prejudice or suffered any detriment whatever by reason of the institution of the former suit which was voluntarily dismissed without being brought to trial. Hence it is urged that the doctrine of estoppel could not apply. Appellant's contention in this regard is evidently based on the assumption that the foundation for the finding that appellant had abandoned the compromise agreement was a conclusion by the trial court that appellant by the institution of the prior suit was estopped to maintain the present action.

The obvious answer to the contention thus advanced is that appellant is entirely mistaken as to the reason for the trial court's finding that the present action was barred by the institution and prosecution of the former suit. This

finding was not based on the doctrine of estoppel. The doctrine did not enter into the court's conclusion or form any part of it. As heretofore noted the trial court expressly found that by bringing the former action appellant had effectually abandoned and renounced the compromise agreement under which the present action was sought to be maintained. It may be conceded that the abandonment, if it is to be an effective defense to an action of the character here presented, must be complete and go to the entire consideration for the compromise agreement. It is our opinion that the trial court correctly concluded that appellant's abandonment of the compromise agreement was complete and that thereby the consideration for respondent's agreement entirely failed.

Furthermore, it may not, we believe, be successfully maintained that respondent suffered no detriment by the bringing of the former action. Not only did respondent entirely lose that for which it had bargained in the compromise contract, but it further sustained a positive proven detriment in that it was compelled to defend the suit and to meet the expense required in so doing. Appellant's contention with respect to the doctrine of estoppel which we think is not here applicable is nevertheless not sustainable under the facts disclosed by the record.

For the reasons stated herein the judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 6, 1938.