SAUNDERS SYSTEM WASHINGTON CO., Inc., v. KUFFNER, and to Use of ALLIANCE INS. CO. OF PHILADELPHIA.

No. 929.

Municipal Court of Appeals
District of Columbia.

Argued June 26, 1950.

Decided July 31, 1950.

John B..Cullen, Washington, D. C., for appellant.

William H. Clarke, Washington, D. C., Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Saunders System, hereafter called Saunders, rented an automobile to Barbero who, contrary to the express terms of the rental agreement, turned the automobile over to Breese. While the automobile was being operated by Breese, it struck the parked car of Kuffner, damaging it to the extent of $1,124.77. Kuffner and his insurance company made claim on Saunders for the damages. After some negotiations toward settlement, Kuffner sued both Saunders and Breese. The claim against Saunders was stated in the alternative, first in tort and second in contract. The basis of the contract claim was an alleged agreement of compromise made between the attorneys for Kuffner and Saunders.

The case was tried without a jury. The trial court found that Breese's negligent operation of the automobile caused the damages and that he was liable therefor. A judgment for Kuffner against Breese for

$1,124.77 was entered. The court further found that Breese's operation of the automobile was without Saunders' consent and that Barbero had no authority from Saunders to turn the car over to Breese, and accordingly that Saunders was not liable to Kuffner under our Owners' Financial Responsibility Act.[1] A judgment in Saunders' favor on the tort claim was entered.

With respect to the contract claim, the trial court found that Kuffner and Saunders through their respective attorneys arrived at a compromise by which Saunders agreed to pay $1,112.81 in monthly installments of $300, that Saunders had breached the agreement and made no payments, and that Saunders was liable to Kuffner in said amount of $1,112.81. Judgment for that amount was entered against Saunders, and this appeal by Saunders relates to that judgment alone.

Plaintiff's right to prosecute in one action both his original tort claim and his claim on the compromise agreement, without electing between them either before or at trial, has not been questioned. And no contention is made that prosecution of the tort claim accomplished a rescission or abandonment of the compromise agreement. Accordingly we do not pass on those questions.[2]

■ The substance of the argument on appeal is that the court was in error in finding that a compromise agreement had been reached between the parties. Whether such agreement existed was a question of fact. The only evidence on the subject was the testimony of two attorneys. Both attorneys agreed that an offer was made by Saunders to pay $800 in settlement and that this offer was rejected. Kuffner's attorney testified that after rejection of the $800 offer, he offered to accept $1,112.81 which was arrived at by deducting an item of $11.96 from the full amount of the damages; that Saunders' attorney agreed to pay this sum provided it could be paid in monthly installments of $300, and that he (Kuffner's attorney) agreed to this condition. Saunders' attorney admitted discussing payment of that amount in those installments but denied ever agreeing thereto. Thus an issue of fact was presented. While the trial court could have decided that plaintiff had not proved its case by a preponderance of evidence it could also have decided the other way. After hearing the witnesses and considering the surrounding circumstances the trial court accepted plaintiff's version and we cannot say that it was plainly wrong in doing so. We think it appropriate to add that there was no evidence that the attorney for Saunders was not authorized to agree to the proposed settlement. In fact its answer spoke of its attorney as its "authorized representative."

■ The other point made is that the agreement, resting wholly in parol, violated our Statute of Frauds requiring written evidence of an agreement to answer for the debt, default, or miscarriage of another.[3] The statute is not applicable here. Kuffner's claim against Saunders was on the theory of direct liability by Saunders by reason of ownership of the striking car. It later developed that the trial court held such liability not to exist, but this did not make the compromise invalid. Forbearance of a claim advanced in good faith and not obviously absurd in fact or plainly unfounded in law, constitutes good consideration for a compromise. The validity of the compromise does not depend on what may be later determined as to the actual merits of the claim.[4] Furthermore, the defense of the Statute of Frauds was not pleaded affirmatively as is required by Municipal Court Rule 8 (c).

Affirmed.

1. Code 1940, § 40—403.

2. Indiana Farmers Mut. Ins. Co. v. Walters, 221 Ind. 642, 50 N.E.2d 868; see Haluka v. Baker, 66 Ohio App. 308, 34 N.E.2d 68; Jones v. Noble, 3 Cal. App.2d 316, 39 P.2d 486; Thompson v. Municipal Bond Co., 23 Cal.App.2d 402, 73 P.2d 274; Stevens v. Gear, Iowa, 39 N.W.2d 408.

3. Code 1940, § 12—302.

4. Magruder v. National Metropolitan Bank of Washington, D.C.Mun.App., 40 A.2d 828.