219 P.2d 946

ANSELMO v. BEARDMORE.

No. 7554.

Supreme Court of Idaho.

June 26, 1950.

Everett E. Hunt, Raymond T. Greene, Jr., Sandpoint, Edmund T. Brigham, Newport, Washington, for respondent.

KEETON, Justice.

This action was brought by Frank H. Anselmo, respondent, against Lucy E. Beardmore, appellant, to compel specific performance of a contract to convey four acres of real estate located in Lot Five (5), Section twenty-six (26), Township fifty-six (56) North, Range five (5) West Boise

Elder, Elder & Smith, Coeur d'Alene, George W. Beardmore, Lewiston, for appellant.

Meridian, Bonner County, Idaho. The land in question was part of a larger tract comprising approximately forty acres, and commonly known as the Beardmore Mill Yard, all of which was enclosed with a fence extending around the external boundaries.

Along the north line of Lot five (5), which is also the north section line of Section twenty-six (26), is a public road, known as United States Highway No. 2, and thirty or thirty-three feet of the north side of Lot five (5) had formerly been deeded for road purposes. The land to which plaintiff seeks title is bounded on the north by this right of way and on the west by the west boundary line of said Lot five (5), the starting point for measuring the land being thirty-three feet south of the north boundary line of twenty-six (26) south along the west boundary line of Lot five (5).

The land agreed upon was two acres in length along the highway and two acres deep, making four square acres. The land was definitely established, and the actual distance on each side of the tract would be the square root of the number of square feet in four acres, which determination was simply an arithmetical problem.

After the land to be purchased had been designated, but not surveyed, the plaintiff, on August 21, 1945, went to the home of the defendant in Priest River advising her that he desired to purchase the four square acres in the northwest corner of the Mill Yard (part of Lot five (5)), and plaintiff thereupon gave the defendant a check for $800.00 as half payment on four acres, and the defendant gave plaintiff a receipt hereinafter set forth.

Thereafter, the four acres in question were marked out on the ground by Mr. Tiggelbeck, an engineer, in metes and bounds, and this description was sent to George W. Beardmore, defendant's son, who ordered an abstract and prepared a deed from his mother to plaintiff, which defendant signed, acknowledged, and attached $2.00 in revenue stamps, canceled Sept. 9, 1946. There was some delay in furnishing the abstract, not the fault of the plaintiff, and after the same had been prepared, it was delivered to plaintiff who took it to an attorney for examination, and was advised that there was an easement for a road over part of the four acres. Plaintiff then insisted that he had purchased a clear title and requested the defendant to have the title cleared. Plaintiff thereafter purchased the dominant estate and then demanded the deed which defendant refused to deliver, and this action brought for specific performance.

From the evidence introduced, the court found that on the 21st day of August, 1945, the plaintiff and defendant entered into an oral agreement by the terms and provisions of which the plaintiff agreed to buy and the defendant agreed to sell the real estate described as follows:

"Beginning at a 1¼" iron pin on the south right of way line of the state highway 33 feet south and 1314.7 feet west of the southeast corner of Section Twenty-three (23) Township Fifty-six (56), North Range Five (5) W.B.M.; thence south 417.3 feet to a 1¼" iron pin; thence east 417.3 feet to a 1¼" iron pin; thence north 417.3 feet to a 1¼" iron pin on the south right of way line of the state highway; thence west along said right of way line 417.3 feet to place of beginning, in Bonner, County, Idaho."

That the consideration for the sale and purchase was $1600.00, payable $800.00 on the 21st day of August, 1945, which was paid, and the balance of $800.00 to be due and payable upon delivery to the plaintiff by the defendant of a good and sufficient abstract of title to said real estate showing good and merchantable title thereto, and the delivery to the plaintiff of a good and sufficient warranty deed executed by the defendant, conveying said real estate to the plaintiff; that the defendant delivered to the plaintiff a receipt for the down payment of $800.00 in words and figures as follows:

August 21st, 1945
"Received of Frank Anselmo———
Eight Hundred and 00/100———
Half (Part) payment on 4 acre tract
Beardmore Mill Site
$800.00 /s/ Lucy E. Beardmore."

and that the consideration paid and to be paid was the fair and reasonable value of the property, and further found:

"That in pursuance of the oral agreement heretofore referred to, the plaintiff entered into the actual peaceable possession of said real estate with the consent and knowledge of the defendant herein, and commenced to improve the same by leveling and filling said ground so agreed to be sold and by the erection of improvements thereon consisting of a farm implement and 'farm supply store; shops and a warehouse, all at an expense in excess of Forty Thousand Dollars ($40,000.00)."

"That the defendant failed and neglected to submit to the plaintiff for his examination, an abstract of title to said real estate until approximately one year (1) after the date of the purchase of said real estate. That when said abstract was submitted to the plaintiff, he promptly had the same examined by an attorney, and plaintiff was then advised by his said attorney that said real estate was not free and clear of all encumbrances, but in truth and in fact said real estate was encumbered by an easement over and across the same for a right of way to certain real estate lying south of the real estate purchased by plaintiff from defendant. That said easement was thereupon called to the attention of the defendant. That the defendant failed to take the necessary steps to remove said encumbrances from the real estate purchased by plaintiff from defendant, and as a result thereof this plaintiff was compelled to and did purchase said real estate served by the easement for right of way purposes over the

lands heretofore described. That after said purchase plaintiff on numerous occasions demanded of the defendant that she deliver to him a good and merchantable deed to said premises, and on said occasions this plaintiff was able and willing and so advised the defendant that he would pay to her the remaining Eight Hundred Dollars ($800.00) of the purchase price upon receipt of said deed. That the defendant has failed and refused and now refuses to deliver said deed to the plaintiff herein."

"That the plaintiff at all times referred to herein was ready, able, and willing to pay the remainder of said purchase price to the defendant. That said plaintiff did on the 5th day of August, 1948, tender to the Clerk of this Court the sum of Eight Hundred Dollars ($800.00) as and for the balance due the defendant upon the contract mentioned above. That said Eight Hundred Dollars ($800.00) now is and ever since the 5th day of August, 1948, been in the possession of the Clerk of said Court for delivery to the defendant herein upon the receipt by said Clerk of a good and sufficient Warranty Deed executed by the defendant herein conveying the real estate heretofore described to the plaintiff."

"That the plaintiff herein entered into possession of the real estate heretofore described on or about January 1, 1946, and that said date was within one (1) year from the date of said contract."

"That the plaintiff herein was justified in going into the possession of the real estate heretofore described, and that he had the legal right so to do, and that no damages have been sustained by the defendant herein by virtue of the said plaintiff going into the possession of said real estate."

On the findings the court entered a decree in favor of the plaintiff requiring the specific performance of the contract. From the judgment the defendant appealed.

Appellant assigns errors challenging the sufficiency of the complaint and of the facts proved to support the findings, and contends that the contract comes within the statute of frauds. Sec. 5-205, I.C. and 9-505 I.C., and for that reason is unenforcible; that the quantum of proof offered to sustain the findings is insufficient to warrant a decree of specific performance, claiming among other things that there was no mutuality, no meeting of minds and no sufficient performance to warrant the entry of the decree, no consent to enter upon the premises, and claiming that the plaintiff was a trespasser. Further, that the land contracted 'for was uncertain and impossible to determine.

The amended complaint was in the usual form for specific performance. No essential allegation was omitted and we conclude the demurrer was properly overruled.

 The action in question is not barred by the statute of frauds.

Equity will not hesitate to enforce an oral contract falling within the provisions of the statute of frauds where the circum-

stances are such that the refusal to execute it would amount to a fraud and equity will not permit the statute to be used as an instrument or means of effecting that which it was designed to prevent.

Where one party to an oral contract has in reliance thereon so far performed his part of the agreement that it would be perpetrating a fraud upon him to allow the other party to repudiate the contract and set up the statute of frauds in justification thereof, equity will regard the case as being removed 'from the operation of the statute and will enforce the contract by decreeing specific performance. 27 C.J. p. 340, § 426, and p. 343, § 427, 37 C.J.S., Frauds, Statute of, §§ 247, 248.

An oral contract for the conveyance of real property may be enforced and is binding upon the parties thereto, and is not within the statute of frauds when there is a partial or complete performance of the same. Stowell v. Tucker, 7 Idaho 312, 62 P. 1033; Male v. Leflang, 7 Idaho 348, 63 P. 108; Francis v. Green, 7 Idaho 668, 65 P. 362; Barton v. Dunlap, 8 Idaho 82, 66 P. 832; Deeds v. Stephens, 8 Idaho 514, 69 P. 534; Robbins v. Porter, 12 Idaho 738, 88 P. 86; Coughanour v. Grayson, 19 Idaho 255, 113 P. 724; Houser v. Hobart, 22 Idaho 735, 127 P. 997, 43 L.R.A., N.S., 410, Kerr v. Graham, 25 Idaho 34, 135 P. 1165; Wolf v. Eagleson, 29 Idaho 177, 157 P. 1122; White v. Smith, 43 Idaho 354, 253 P. 849; Eagle Rock Corporation v. Idamont Hotel Co., 59 Idaho 413, 85 P.2d 242; Chatterton v. Luker, 66 Idaho 242, 158 P.2d 809; Jones v. Adams, 67 Idaho 402, 182 P.2d 963; Wood v. Hill, Idaho, 212 P.2d 391.

The facts found were supported by the testimony of the plaintiff and other witnesses, and the defendant and her son admitted in substance the essential terms of the contract. Mrs. Beardmore testified:

"Q. At the time you wrote this receipt on August 21, 1945, did you know the exact four acres that were to be taken, or did you not? A. Approximately, that is all.

"Q. Where were they? A. They were at the northwest corner of the mill yard.

"Q. And they were to be pretty generally square, wern't they? A. Practically, yes.

"Q. The square four acres at the northwest corner of the mill yard? A. Yes.

"Q. And by the mill yard there is that piece of property that has been described in the abstract that has been identified as Plaintiff's Exhibit No. 4, isn't it? A. I suppose so, yes.

"Q. So at that time you knew that the price was to be sixteen-hundred and that it was to be the four acres in the northwest corner * * * is that correct? A. No, he was buying at $400.00 an acre. That was what he thought was fair but too much really, and it was at $400.00 an acre was what the original part was that he wanted to pay.

"Q. And to which you agreed at that time? A. Yes.

"Q. You were agreeable to that in August, 1945, when you signed that receipt? A. Yes. * * *

"Q. * * * You had the deed all ready for him then, didn't you? (Sept. 1946)

"A. I did." ' * * *

"Q. Well, this (deed) describes the four acres that you and Mr. Anselmo bargained for in August of the preceding year, doesn't it?

"A. It does. I assume that it does. I am not a legal authority." Regarding the negotiations for the four acres the witness further testified:

"Q. * * * Things had gotten along to the point where that was definitely four acres at that time, isn't that correct? A. It was." * * *

"Q. Now, when Mr. Anselmo paid you the $800.00 and took your receipt marked Plaintiff's Exhibit No. 1 in August of 1945, I believe this morning you stated that the bargain at that time was that he was to pay the other $800.00 as soon as the deed was ready. Am I misunderstanding you or is that your correct testimony? A. That was correct. When he accepted the deed."

On November 26, 1946, George W. Beardmore wrote a letter to Everett E. Hunt, defendant's Exhibit "J", in part as follows:

"Dear Sir:

"Your letter of November 19 to Lucy Beardmore and relative to Frank Anselmo's deal has been referred to me. I am also the son, George, referred to in that letter.

"Mr. Anselmo has been tendered a deed to the property he desired to buy and has been furnished with the abstract of title as promised. The description for the abstractor was prepared from a survey procured by Mr. Anselmo."

 While there is some limited conflict in the testimony, the evidence as a whole supporting the findings is of a substantial nature. Where findings are supported by substantial competent evidence, the same will not be disturbed on appeal. Jones v. Adams, 67 Idaho 402, 182 P.2d 963.

The certainty of the description originally agreed to was later confirmed by a survey approved by the defendant.

 Thus, the description of the land intended and the price to be paid were certain and definite, and the contract was complete in every detail. The balance of the purchase price was to be paid when a deed was delivered and an abstract showing title furnished. The fact that the abstract was not delivered and the deed tendered for more than a year after the agreement was made, was not the fault of the plaintiff and would be insufficient for an avoidance of the contract on the part of the grantor.

The terms and conditions were complete and free from any doubt or ambiguity, and

what was to be done was clearly ascertainable. There was a reciprocal assent to a certain definite proposition, and nothing was left open for future discussion by the parties.

Further, there was mutuality. Plaintiff agreed to buy and defendant agreed to sell a certain four acres 'for a fixed price. The plaintiff took possession of the property, and, as found by the court, with the consent of the defendant made valuable improvements thereon, and from time to time offered to pay, and demanded the deed and abstract.

The tender was kept good by depositing the balance of the purchase price with the clerk of the court to be paid when the deed and abstract were delivered.

Appellant submits the proposition that plaintiff's entering upon the land and making improvements was without the consent of the defendant and was in the absence of a valid contract to purchase. The court on substantial evidence found the converse of this to be true, and that the entry was with consent and pursuant to a contract.

The cases of Kurdy v. Rogers, 10 Idaho 416, 79 P. 195; Laker Land & Loans v. Nye, 40 Idaho 793, 237 P. 630; Armstrong v. Henderson, 16 Idaho 566, 102 P. 361; Schulz v. Hansing, 36 Idaho 121, 209 P. 727, and Hart v. Turner, 39 Idaho 50, 226 P. 282, cited 'by appellant support the views herein expressed and are not in conflict therewith.

Negotiations to compromise contentions made by appellant prior to the bringing of suit are insufficient to defeat performance of the contract.

We have carefully examined the transcript and evidence, and the conclusion reached by the trial Judge, and find no reversible error.

Respondent's brief does not comply with Rule 54 of the Supreme Court either as to arrangement or size of type, for which reason no costs are allowed. The judgment is affirmed.

HOLDEN, C. J., and GIVENS, PORTER and TAYLOR, JJ., concur.