**258 P.2d 1146**

**RYAN v. DAY.**

No. 7942.

Supreme Court of Idaho.

June 23, 1953.

Lyons & Greene, Sandpoint, for appellant.

Bandelin, Bandelin & Ponack, Sandpoint, McNaughton & Sanderson, Coeur d'Alene, for respondent.

PORTER, Chief Justice.

Appellant brought this action against defendant to quiet title to six head of cattle and two tons of hay. The cause was tried to the court sitting without a jury. The court found that defendant was the owner and entitled to possession of the cattle in question, and that plaintiff was the owner and entitled to possession of the two tons of hay. Judgment was entered in accordance with the findings of the court. Appellant has appealed from that part of the judgment awarding the cattle to respondent. The two tons of hay are not involved in this appeal.

Appellant's assignments of error raise the sole question of the sufficiency of the evidence to support the findings of fact and judgment to the effect that respondent is the owner of the cattle in issue.

In the year 1940, appellant, a widow, owned and was residing upon 40 acres of land located near Sagle in Bonner County, which land appellant had inherited from her father. Her brother, the deceased T. A. Craig, owned an adjoining piece of land, part of which he likewise had inherited from his father. Craig was a single man. There were no buildings on his land and he went to live with appellant in her home. On June 29, 1949, the deceased, then 48 years of age, married a young lady about 25 years of age. He brought his wife to live in the home of appellant and they continued to live there and to manage the two pieces of land until the time of his death, November 29, 1951. Appellant and the wife of deceased did not get along well, and after a few months appellant moved to Lewiston where she spent most of her time until the death of her brother.

Sometime during World War II the deceased purchased a calf from one Emil Paulet for the sum of five dollars. Appellant claims that she reimbursed the deceased for the five dollars and that the calf was turned over to her by her brother.

In the early summer of 1942, one Joseph E. Lehman sold a Guernsey-Jersey cow to the Craig ranch. Both appellant and deceased came to Mr. Lehman's home and bargained for the cow. When Lehman went to the Craig home to collect for the cow, the deceased, Ted Craig, was not present and Lehman was paid the purchase price by appellant in the sum of $85. Ap-

pellant, in her testimony, claimed to have owned this cow but admitted that at least part of the money to buy the cow was furnished by the deceased. The cow was sold later to a cattle buyer.

The dispute in this case is over the ownership of the Paulet calf and part of its offspring and part of the offspring of the Lehman cow.

After appellant left her home and went to Lewiston, deceased and his wife continued to handle the cattle on the farm including the cattle in question. Deceased milked the cows, took the cream checks, sold part of the offspring and did not account in any way to appellant for the proceeds so obtained.

Appellant made no claim to the cattle in question, nor to the proceeds from sales, or from the cream checks until after the death of her brother. In addition it appears in evidence that appellant was listed as a dependent by the deceased on his income tax reports.

The wife of the deceased testified that she knew of the ownership of the calf and cow in question, and that the same were owned by her husband and not by appellant.

On the foregoing conflicting evidence, the court found in favor of respondent as to the ownership of the cattle. We have uniformly held that where "a trial court, sitting as a court of equity, makes findings of fact based upon conflicting evidence, and there is evidence to support both theories of the case, and from which reasonable men might draw different conclusions, such findings of fact will not be disturbed on appeal." Gore v. Richard Allen Mining Co., 61 Idaho 622, 105 P.2d 735, 736; McCarty v. Sauer, 64 Idaho 748, 136 P.2d 742; Finn v. Rees, 65 Idaho 181, 141 P.2d 976; Graham v. Leek, 65 Idaho 279, 144 P.2d 475; Checketts v. Thompson, 65 Idaho 715, 152 P.2d 585; Jones v. Adams, 67 Idaho 402, 182 P.2d 963; Webster v. Potlatch Forests, 68 Idaho 1, 187 P.2d 527; Bolen v. Baker, 69 Idaho 93, 203 P.2d 376.

The judgment of the trial court is affirmed. Costs awarded to respondent, except that no costs will be allowed for printing of respondent's brief as same was not served and filed within the time provided by Rule 41, § 4, of the Rules of the Supreme Court.

GIVENS, TAYLOR, THOMAS and KEETON, JJ., concur.