291 P.2d 1116

**J. M. JENSEN, doing business as Jensen Motor Sales, Plaintiff-Appellant,**

**v.**

**Earl F. CHANDLER, Defendant-Respondent.**

No. 8262.

Supreme Court of Idaho.

Dec. 20, 1955.

Rehearing Denied Jan. 23, 1956.

Givens, O'Leary, Doane & Givens, Boise, for respondent.

Richards, Haga & Eberle, Boise, for appellant.

PORTER, Justice.

On July 3, 1953, respondent called at the place of business of appellant in Boise as a prospective purchaser of an automobile. Appellant was advised by respondent that he wished to purchase a car for the use of respondent's wife and that she must approve such purchase. Respondent became interested in an Austin convertible automobile, and appellant with respondent drove the car to the home of respondent and showed the car to respondent's wife. The parties returned to the place of business of appellant about the middle of the afternoon. Appellant was in a hurry as he wished to go to McCall.

According to the testimony of respondent, he thereupon signed in blank a conditional sales contract covering the Austin, gave appellant a check for $398, and agreed to transfer to appellant a 1935 Chevrolet automobile as a trade-in at the agreed price of $300. Respondent also signed a customer's statement and gave appellant $5 with which to purchase a license for the Austin. Respondent testified that these papers were to be held until the following Tuesday and that the contract was conditioned upon the approval of same by his wife. That he returned home and learned that his wife was furious and disapproved of the purchase of the Austin automobile. That he thereupon called appellant by telephone and told appellant that respondent's wife would not go through with the deal and that she did not want the car; that appellant refused to call the deal off and stated that the Austin was now a used car because he had caused the title to be transferred to respondent, and requested respondent to deliver the Chevrolet.

Immediately after respondent left appellant's place of business, appellant took the conditional sales contract to the Idaho First National Bank for negotiation and deposited the $398 check in such bank. He then secured a slip from the Department of Law Enforcement for certificate of title to the Austin in the name of respondent, and a registration certificate from the county assessor. Sometime later in the

afternoon appellant left for McCall and did not return until July 8.

In response to appellant's demand, respondent in the late afternoon of July 3, delivered the Chevrolet trade-in with its certificate of title to appellant's place of business and took the Austin automobile to his home.

Appellant's place of business was closed on Saturday, July 4, and Sunday, July 5. On Monday, July 6, respondent returned the Austin automobile to appellant's garage where it was received by one of appellant's employees and placed on the floor in approximately the same position that it had occupied at the time of its being shown to respondent. Respondent demanded the return of his Chevrolet car which was refused. He stopped payment on his check at the bank; advised the bank not to purchase the conditional sales contract and secured a cancellation of the registration certificate and received back his $5.00.

On July 9, appellant wrote a letter to respondent demanding that he rescind his actions in order that the sale might be consummated; and advised respondent that the Austin was being held to respondent's account.

Appellant did not at any time either actually or by his pleadings tender the Austin automobile and its certificate of title to respondent. Respondent's witness, James H. Moore, testified that on July 22, appellant showed such Austin automobile to the witness and offered to sell the same to him at the price of a new car.

On July 23, respondent brought an action in claim and delivery against appellant to recover the Chevrolet automobile; and thereafter this action was brought by appellant to recover the purchase price of the Austin automobile. The two cases were consolidated for trial before the court without a jury. Following the trial, the court made findings of fact, conclusions of law and judgment favorable to respondent in both cases. Appellant appealed each case to this court where they were consolidated for hearing. This case is No. 8262 and the claim and delivery case is No. 8263 in this court. 77 Idaho 309, 291 P.2d 1119.

Appellant has made numerous assignments of error. The main effect of such assignments is to raise the question of the sufficiency of the evidence to support the findings of fact of the trial court. The findings of fact of the trial court contained the following:

"VII

"That plaintiff at no time after the return of said Austin automobile to plaintiff's place of business tendered to defendant the said Austin automobile; that the plaintiff at all times subsequent to its return to his place of business has retained possession of

and exercised control over said Austin automobile;

## "VIII

"That from and after July 6, 1953 the plaintiff and his agents placed said Austin automobile in the same sales area and general location in his place of business which it had occupied prior to his negotiations with the defendant;

## "IX

"That on or about the 22nd day of July, 1953 the plaintiff offered said Austin automobile for sale to a member of the general public, representing that it was available for sale to the same extent that any other of the new automobiles at his place of business were available for sale."

The Court concluded:

"That the acts and conduct of the plaintiff as set forth in the foregoing findings of fact, coupled with the acts and conduct of the defendant as set forth in the foregoing findings of fact, resulted in a mutual rescission of the sale;"

 A contract may be discharged by conduct as well as by words. 12 Am. Jur., Contracts, 1011, Sec. 431. An abandonment of a contract by consent may be implied from acts of the parties. Thompson v. Municipal Bond Co., 23 Cal.App.2d 402, 73 P.2d 274; Treadwell v. Nickel, 194 Cal. 243, 228 P. 25

 A rescission by consent is implied by refusal of one party to comply with the contract in which refusal the other party has acquiesced. Carter v. Fox, 11 Cal.App. 67, 103 P. 910; Mettler v. Vance, 30 Cal. App. 499, 158 P. 1044.

 A contract will be treated as abandoned where the acts of one party inconsistent with its existence are acquiesced in by the other party. Hobbs v. Columbia Falls Brick Co., 157 Mass. 109, 31 N.E. 756; Herpolsheimer v. Christopher, 76 Neb. 352, 107 N.W. 382, 111 N.W. 359, 9 L.R.A.,N.S., 1127; Kingman Colony Irr. Co. v. Payne, 78 Or. 238, 152 P. 891; 17 C.J.S., Contracts, § 389, p. 882.

It is generally held that it is a question of ultimate fact as to whether a contract has been abandoned or mutually rescinded.

In Lohn v. Fletcher Oil Co., 38 Cal. App.2d 26, 100 P.2d 505, at page 507, it is said:

"Abandonment of a contract is a matter of intent and is to be ascertained from the facts and circumstances surrounding the transaction out of which the abandonment is claimed to have resulted. It may be implied from the acts of the parties."

In Kane v. Sklar, 122 Cal.App.2d 480, 265 P.2d 29, at page 31, the court said:

"The question whether there was an intent to abandon a contract is one of fact to be ascertained from all the facts and circumstances surrounding the transaction."

In Thompson v. Municipal Bond Co., 23 Cal.App.2d 402, 73 P.2d 274, at page 278, it is suggested that the question of abandonment is a mixed question of law and fact, the court saying:

"The question of whether or not an agreement has been abandoned is a mixed question of law and fact * * * and the trial court's finding that appellant had abandoned the compromise agreement being supported by the evidence may not be disturbed."

In the instant case the trial court found a refusal to comply with the contract by respondent and acts on the part of appellant thereafter inconsistent with the continued existence of the contract and concluded therefrom as an ultimate fact that there had been a mutual rescission of the conditional sales contract covering the Austin automobile.

In many decisions we have held that if the findings of fact of a trial court are supported by competent, substantial, though conflicting, evidence, such findings of fact will not be disturbed by this court on appeal. Anselmo v. Beardmore, 70 Idaho 392, 219 P.2d 946; Ryan v. Day, 74 Idaho 159, 258 P.2d 1146; Howay v. Howay, 74 Idaho 492, 264 P.2d 691.

In Jones v. Adams, 67 Idaho 402, at page 409, 182 P.2d 963, at page 968, we said:

"Furthermore, this court has uniformly held, while different minds might reach different conclusions on the evidence, that, where such is the case, however meager the evidence, if it is of a substantial nature and character (as in the case at bar), the findings of the trier of fact should prevail." [Citing cases.]

In Conley v. Amalgamated Sugar Co., 74 Idaho 416, at page 424, 263 P.2d 705, at page 709, we set out the rule in the following language:

"After the court has found, the criteria are not what other or different findings the evidence could or would sustain, not what findings are plausible, not the weight or quality of the evidence or credibility of witnesses, but the sole criterion is simply whether there is substantial evidence, regardless of conflict, to sustain the findings as made, with all reasonable inferences and intendments in favor thereof."

The evidence in this case on behalf of respondent substantially supports the findings of the trial court although it is in part in conflict with the evidence on behalf of appellant. The trial court could reasonably believe the evidence of respondent as against appellant's version of the transaction. Under these circumstances we are bound by the findings of fact of the

trial court. The judgment in favor of respondent is affirmed. Costs to respondent.

TAYLOR, C. J., and KEETON, ANDERSON and SMITH, JJ., concur.

Supreme Court of Idaho.

Dec. 20, 1955.

Rehearing Denied Jan. 23, 1956.

Richards, Haga & Eberle, Boise, for appellant.

Givens, O'Leary, Doane & Givens, Boise, for respondent.