323 P.2d 611

In the Matter of the ESTATES of Mary DAVENPORT, Deceased, and James Davenport, Deceased.

No. 8593.

Supreme Court of Idaho.

March 27, 1958.

Grant L. Ambrose, Meridian, Robert T. Miller, Boise, for appellants.

Elam & Burke, Boise, for administrator.

McQUADE, Justice.

On June 7, 1956, near the village of Bliss, Idaho, an elderly couple were killed in an automobile accident. The decedents were on their way home from a trip, and after coming up a grade they entered onto the main interstate highway, at which place their car collided with a truck. The Davenports died as a result of injuries suffered in the collision.

Following their deaths, their estates were filed for probate in the Probate Court of Ada County, Idaho. The probate proceed-

Randall Wallis, J. Charles Blanton, Boise, for respondents.

ings disclosed that both decedents died intestate, leaving real and personal property, which was situated in Ada County, Idaho. All of the decedents' estates were community property, and the two estates were joined in probate proceedings. All of the assets, both real and personal, were reduced to cash in the sum of $21,759.71, as is shown by the final account.

The petition for distribution by the administrator set forth the names of all the heirs, who on the side of James Davenport are four sisters, five nephews, and five nieces, whereas the heirs of Mary Davenport are one brother, one sister, two nieces, and one nephew.

The administrator's petition for distribution recites James and Mary Davenport died simultaneously, and that the heirs of both decedents are entitled to inherit said estates in accordance with the Simultaneous Death Statute, under which one-half would go to the heirs of James Davenport and one-half to the heirs of Mary Davenport.

To this petition for distribution, the heirs of Mary Davenport filed an objection upon the grounds that James Davenport predeceased Mary Davenport, and because of her survivorship, title to the entire estate vested in the heirs of Mary Davenport. To this objection, the heirs of James Davenport filed an answer praying that the administrator's petition for distribution, setting out one-half of the combined estates to each side of the family, be approved.

Sitting without a jury, the probate judge entered a finding that the heirs of Mary Davenport had failed to sustain the burden of proof to show she in fact survived her husband, and entered a decree of distribution in accordance with the administrator's petition for distribution.

From the decree of distribution, the heirs of Mary Davenport appealed to the District Court of the Third Judicial District of the State of Idaho, in and for the County of Ada, wherein a trial de novo was held. The District Judge concluded that Mary Davenport survived her husband, and denied the administrator's petition for distribution, and further ordered that all assets of the joint estates be distributed to the heirs of Mary Davenport. From the judgment of the district court, the heirs of James Davenport have appealed to this Court.

The several assignments of error may be summarized in substance and effect that the trial court on insufficient evidence entered a judgment as to survivorship.

There were six witnesses who testified about their observations of the Davenports immediately after the accident.

Bobby Jones was the first witness to reach the scene of the accident, and he testified that the body of James Davenport was badly mangled, that the body appeared to be "pretty near tore in two," and that he could not observe any breathing, flow of blood, or movement on the part of James Davenport. After having observed the

body of James Davenport, Jones then went to where Mary Davenport was lying in the car. He observed the breathing of Mary Davenport, which he could both see and hear, and he also observed the bleeding from her nose. Jones testified this breathing by Mary Davenport continued for about 15 minutes following the accident.

Varge Henderson, who was one of the next to view the scene, testified that the body of James Davenport was badly mangled, that the legs were twisted badly, that the body appeared to be badly cut in through the hip on the left side, that there was no movement of the body, that there was no breathing, and that there was no flow of blood. After viewing the body of James Davenport, Henderson went to the car in which Mary Davenport was lying. At that time, he observed definite movement of her chest and a gasping for air or heavy breathing, which continued for about 15 minutes. He also observed some blood flow through her nose at that time.

Another witness, David Warner, also arrived on the scene soon after the accident, and observed the body of James Davenport from a distance of 15 to 20 feet, and observed Mary Davenport from a distance of about three feet. Warner testified he thought both parties were dead.

Dr. J. H. Cromwell, M. D., the county coroner, arrived with Keith Anderson, the sheriff, about 15 minutes after the accident. Both of them testified that the man and the woman were dead upon their arrival. Sheriff Anderson testified that the body of Davenport was badly mangled and torn through the waist, that one leg appeared to have been nearly jerked off, that the body was torn from the crotch upward, exposing the bowels, and the head was badly smashed. The sheriff also testified there was a pool of blood under the man's body, and the funeral directors had considerable difficulty holding the body together while they placed it on a stretcher.

The parties stipulated that Dan Gibson, a mortician, would testify that the body of James Davenport was split from the crotch to the chest cavity, that the intestines and abdominal organs were laid open and exposed, and that one side of the head was crushed.

Dr. Joseph Beeman, a pathologist, after hearing the witnesses describe the physical appearance of the bodies, gave an opinion that as a reasonable medical certainty, James Davenport was dead at the time his body was observed by Jones and Henderson. Dr. Beeman gave a further opinion that as a matter of reasonable medical certainty, Mary Davenport was alive at the time she was observed by the witnesses Henderson, Jones, and Anderson. The last of these did not see her until approximately 15 minutes following the accident, at which time he heard her give a gasp; about that time he was attempting to feel her pulse, but was unable to detect a pulse.

The trial court was faced with conflicting evidence of a substantial nature, and, as trier of the facts, it had to resolve the conflict, and did so when it was stated in the findings of fact that Mary Davenport lived for a period of approximately 15 minutes, and that she survived her husband following the time of the collision.

Under our rule, there being sufficient substantial and competent evidence to support its findings thereon, and the findings not being clearly against the weight of the evidence, the findings of the trial court are binding on this Court and will not be disturbed. Howay v. Howay, 74 Idaho 492, 264 P.2d 691; Jensen Motor Sales v. Chandler, 77 Idaho 303, 291 P.2d 1116; Anselmo v. Beardmore, 70 Idaho 392, 219 P.2d 946; Ryan v. Day, 74 Idaho 159, 258 P.2d 1146..

Where there is sufficient evidence to determine that one party survives another, the Simultaneous Death Statute, I.C. sec. 14–119:

"Where the title to property or the devolution thereof depends upon priority of death and there is no sufficient evidence that the persons have died otherwise than simultaneously, the property of each person shall be disposed of as if he had survived, except as provided otherwise in sections 14–119 to 14–128, inclusive."

and distribution of property of joint tenants or tenants by the entirety, I.C. sec. 14–121:

"Where there is no sufficient evidence that two joint tenants or tenants by the entirety have died otherwise than simultaneously the property so held shall be distributed one-half as if one had survived and one-half as if the other had survived. If there are more than two joint tenants and all of them have so died the property thus distributed shall be in the proportion that one bears to the whole number of joint tenants."

are not applicable.

It having been concluded by the trial court on competent, though conflicting, evidence that Mary Davenport survived her husband, James Davenport, by 15 minutes, she succeeded to the estate of her husband, James Davenport, deceased, and upon her death the whole of said estate descended and must be distributed to the heirs of Mary Davenport, deceased.

The judgment of the district court is affirmed.

*Costs to respondents.*

KEETON, C. J., and PORTER, TAYLOR and SMITH, JJ., concur.