326 P.2d 64

Vera SHELLHORN, Plaintiff-Respondent,

v.

Joseph R. SHELLHORN, Jr., and Ruby Shellhorn, his wife, Defendants-Appellants.

No. 8626.

Supreme Court of Idaho.

May 28, 1958.

**80**

Alfred C. Cordon, Pocatello, for appellants.

F. E. Tydeman, Pocatello, for respondent.

PORTER, Justice.

Since the appeal in this action, respondent, Vera Shellhorn, has died. Grace Bistline, administratrix of the estate of Vera Shellhorn, has been substituted as a party. However, for convenience, we will con-

tinue to refer to Vera Shellhorn as respondent.

During the times material in this case respondent was the wife of Joseph R. Shellhorn, Sr., and the step-mother of appellant, Joseph R. Shellhorn, Jr. Respondent and Joseph R. Shellhorn, Sr., were divorced November 18, 1955, and Joseph R. Shellhorn, Sr., has since died.

Respondent commenced this action to recover an undivided one-half interest in a dwelling house located in Pocatello on the theory that such dwelling house was purchased with the community funds of respondent and her husband, Joseph R. Shellhorn, Sr., during the time of their marriage; and that respondent has never parted with her interest in such property. Appellants answered the complaint and claimed to be the sole owners of the dwelling house in question. The cause was tried to the court sitting without a jury. The trial court made findings of fact and conclusions of law favorable to respondent and entered judgment accordingly. From such judgment appellants have appealed to this court.

On the 10th day of November, 1945, Alex Katsilometes and wife entered into a real estate agreement with John C. McComas and wife for the sale of a certain dwelling house located in Pocatello. This agreement was placed in escrow with the Smith-Marshall Agency of which the witness Mrs. Grace Bistline was secretary. On January 14, 1948, appellants signed an earnest money receipt agreement with the Bistline Agency to purchase such property for the sum of $3,575. The sum of $500 was paid down in cash; approximately $1,000 additional was to be paid before February 1, 1948; and the balance of the purchase price was to be paid at the rate of $30 per month. On the 17th day of January, 1948, John C. McComas and wife executed an assignment of the real estate agreement with Alex Katsilometes and wife to Joseph R. Shellhorn, Jr., and wife.

Immediately after the assignment by John C. McComas and wife, Joseph R. Shellhorn, Sr., and respondent, his wife, went into possession of said dwelling house and lived therein for approximately six years. They remodeled the upstairs, making an additional rental apartment, there being also a rental apartment downstairs.

Shellhorn, Sr., and wife collected all rents from such property and made no accounting to appellants. Shellhorn, Sr., and wife made all payments on the real estate agreement including the $1,000 payment to Grace Bistline, secretary of the escrow holder. All taxes were paid either directly by Shellhorn, Sr., or by the Smith-Marshall Agency with money furnished by Shellhorn, Sr.

On the 5th day of November, 1952, Joseph R. Shellhorn, Sr., and his wife sold

such property by real estate agreement to one Louise Rollins. Mrs. Rollins lived in the property for about one and one-half years and then surrendered and abandoned her agreement of sale as she could no longer make the payments of $65 per month. Shellhorn, Sr., and wife again took possession of the property.

On the 18th day of March, 1952, a warranty deed was executed by Alex Katsilometes and wife in favor of Joseph R. Shellhorn, Jr., and wife and placed in escrow. This deed was drawn by Mrs. Grace Bistline and was made in favor of Joseph R. Shellhorn, Jr., and wife at the specific request of Joseph R. Shellhorn, Sr.

On March 21, 1955, the last payment was made on the property by Shellhorn, Sr., and thereafter in May, Mrs. Bistline delivered the above mentioned warranty deed to appellants who caused the same to be placed of record.

Joseph R. Shellhorn, Sr., from the time of taking possession of such property, exercised exclusive dominion and control over same. No control over such property was exercised by appellants and no request was ever made for an accounting for the rents and profits. Appellants contend that Shellhorn, Sr., was the agent of appellants and looked after such property and collected the rents and made the payments for the use and benefit of appellants. Appellant Shellhorn, Jr., testified that he borrowed

$1,000 and gave to his father to make the $1,000 payment. This testimony was uncorroborated by either a check or receipt or other written or oral evidence. Shellhorn, Jr., also testified that he gave his father $80 at one time to help pay the taxes.

The question raised by appellants on this appeal is as to the sufficiency of the evidence to support the findings of fact and judgment of the trial court. By their specifications of error, appellants challenge the findings of fact as follows:

"1. The evidence is insufficient to support the following findings of fact:

"That from the date of said assignment (referring to assignment of Real Estate Agreement to Joseph R. Shellhorn, Jr., and wife by John C. McComas and wife) all of the payments made on the purchase price provided for in said agreement were made by Joseph R. Shellhorn, Sr. That Joseph R. Shellhorn, Sr., paid all of the taxes on the property; he paid all of the insurance premiums for fire insurance on the said property; he collected the rents from said property and he and the plaintiff lived in the said property; that they remodeled and altered the residence on said property; that they maintained and upkept the property; that they claimed to be the owners of the said property and entered

into a Real Estate Agreement whereby they represented themselves as owners of the right to sell the said property; that the defendants exercised no control or supervision over the said property that the defendants collected no rent from the said property.

"That payments made upon the Real Estate Agreement with Katsilometes, the taxes, insurance, upkeep, repairs and remodeling were all made with the community funds of the plaintiff and her then husband.

"That the warranty deed to the defendants was made at the direction of Joseph R. Shellhorn, Sr., for the purpose of depriving the plaintiff of her interest in the said property.

"That the purchase price of said property was made with community funds belonging to the plaintiff and Joseph R. Shellhorn, Sr. That the property became the community property of Joseph R. Shellhorn, Sr., and the plaintiff herein and that it was placed in the name of the defendants herein for the purpose of depriving and taking away from the plaintiff her interest in the said property."

By its judgment the court allowed a claim to appellants of $500 against the property in question and divided the remainder of the property one-half to respondent and one-half to appellants.

This Court has commented many times upon the weight to be given to the findings of fact of the trial court.

"Furthermore, this court has uniformly held that where the facts 'might very well lead different minds to reaching different conclusions upon the issue presented; and where such is the case, however meager the evidence, if it is of a substantial nature and character, the findings of the triers of fact should prevail.'" Smith v. Clearwater County, 65 Idaho 271, 143 P.2d 561, 563.

"Furthermore, where the facts 'might very well lead different minds to reaching different conclusions upon the issue presented; and where such is the case, however meager the evidence, if it is of a substantial nature and character (as in the instant case), the findings of the triers of fact should prevail.'" Nelson v. Altizer, 65 Idaho 428, 144 P.2d 1009, 1014.

"'All reasonable inferences drawn by the triers of the facts from the evidence will be sustained on review.'" Smith v. University of Idaho, 67 Idaho 22, 170 P.2d 404, 410.

"The trial judge is the arbiter of conflicting evidence and his determination of the weight, credibility, inferences and implications thereof is not to be supplanted by this Court's im-

pressions or conclusions from the written record." Sellars v. Sellars, 73 Idaho 163, 248 P.2d 1063, 1064.

"This Court is committed to the rule, however, that a conflict not only in the direct evidence but in the inferences, probabilities and conclusions will not justify a reversal of the judgment on appeal." Dunclick, Inc. v. Utah-Idaho Concrete Pipe Co., 77 Idaho 499, 295 P.2d 700, 704.

A comparison of the court's findings of fact and its judgment with the evidence as outlined herein shows that while the evidence is meager, it is substantial though conflicting in its support of the court's findings of fact and judgment. Where the findings of fact of the trial judge are sustained by competent, substantial, though conflicting, evidence, such findings of fact will not be disturbed on appeal. Anselmo v. Beardmore, 70 Idaho 392, 219 P.2d 946; Ryan v. Day, 74 Idaho 159, 258 P.2d 1146; Howay v. Howay, 74 Idaho 492, 264 P.2d 691; Jensen v. Chandler, 77 Idaho 303, 291 P.2d 1116.

The judgment of the trial court is affirmed. Costs awarded to respondents.

KEETON, C. J., TAYLOR and SMITH, JJ., and THATCHER, District Judge, concur.

McQUADE, J., not participating.