361 P.2d 791 (1961)
In the Matter of the ESTATE of Stanley C. GHOLSON, Deceased.
Wilma Ellen Gholson WILLIAMS, Petitioner-Appellant,
v.
Max P. GHOLSON, Contestant-Respondent.
No. 8934.
Supreme Court of Idaho.
May 8, 1961.
Ben Peterson, Arthur P. Oliver, Pocatello, for appellant.
Green & Service, Pocatello, for respondent.
McQUADE, Justice.
This case was commenced in the Probate Court of Bannock County by Wilma Dye Gholson, petitioning for her appointment as administratrix of the estate of Stanley C. Gholson, deceased. Max P. Gholson, brother of the deceased, filed objections to her appointment as administratrix, asserting, inter alia, that the petitioner was not the surviving spouse of Stanley C. Gholson. The probate court concluded and ordered that the petition for letters of administration should be denied.
An appeal was taken from the order of denial to the district court. Evidence was introduced by the parties for the purpose of determining the marital status of Wilma Dye and Stanley C. Gholson as of February 23, 1957, the date of his death.
Appellant testified she and deceased were not joined as husband and wife by benefit of a marriage ceremony, but were husband and wife by operation of law in that they were looked upon, and held themselves out to be, husband and wife in the community of Pocatello, Idaho.
Each owned a separate home. When appellant visited the home of deceased on several occasions, he introduced her to *792 neighbors as his wife. Appellant's mother testified she met deceased as a single man in May or June, 1954, and later in the summer, while visiting at her home, deceased stated he had married her daughter.
Deceased lived with appellant at her home in much the same manner as those who are acknowledged to be husband and wife, in that she cooked his meals, waited upon him during his illness and his last illness, performed chores around the house, and slept in the same room with him. Respondent and his wife insisted appellant and the deceased execute as husband and wife real estate and escrow agreements relative to property which respondents were purchasing from deceased. Appellant was shown to be named as the wife and beneficiary in an insurance policy procured by the deceased.
There is evidence showing appellant did not hold herself out as a married woman. When she was first introduced as the deceased's wife, during May or June, 1954, she was married to a man named Herbert Pugmier, whom she divorced the latter part of August, 1954. Deceased's recognition of her as his wife was to only a few persons. The income tax returns of deceased for the years 1954 and 1955 were for Stanley C. Gholson, a single person. While purchasing groceries for himself a charge account was used, but the clerk was advised that appellant would pay for her own groceries. Appellant received in monthly payments a total of $3,400 as public assistance money from 1954 through February, 1957, in the name of Wilma E. Dye, a single woman, for herself and a dependent child, from the Idaho Department of Public Assistance or from the United States Government. The electric power for her residence was billed against Wilma E. Dye. In June, 1956, appellant obtained credit from Western Auto Company on the representation that she was a single woman. In August, 1956, she executed a credit application, promissory note and chattel mortgage on her furniture as a single woman, whereby she secured the loan of money. In January, 1957, shortly before the death of Stanley C. Gholson, appellant applied for credit to Montgomery Ward, Pocatello, Idaho, under the name of Wilma E. Dye. Other witnesses testified they were uncertain whether the parties were married or were carrying on an illicit relationship.
The trial court entered its judgment that appellant did not establish that she was the surviving common-law wife of Stanley C. Gholson, and therefore was not entitled to letters of administration. This appeal is from the findings of fact, conclusions of law, and judgment entered for respondent.
A common-law marriage is permissible under Idaho statutes. I.C. sec. 32-201 provides:
"Marriage is a personal relation arising out of a civil contract, to which the consent of parties capable of making it is necessary. Consent alone will not constitute marriage; it must be followed by a solemnization, or by a mutual assumption of marital rights, duties or obligations."
I.C. sec. 32-202 requires both parties to be unmarried at the time of consent and consummation of a marital contract.
While appellant argues that
"`* * * When a marriage has been shown in evidence, whether regular or irregular, and whatever the form of proof, the law raises a strong presumption of its legality, casting the burden of proof upon the party objecting and requiring him in every particular, to make plain, against the constant pressure of this presumption the truth of law and fact that the marriage is illegal and void.'" Thomey v. Thomey, 67 Idaho 393, 181 P.2d 777, 779.
The record is virtually barren of evidence that appellant held herself out as the wife of deceased.
"Reputation must be uniform and general and not limited to particular persons or divided, in the community in which parties cohabit, in order to suffice as proof of marriage between them or, it has been said, to give rise *793 to a presumption of marriage. * *" 35 Am.Jur., Marriage, sec. 222, p. 330.
See also White v. White, 82 Cal. 427, 23 P. 276, 7 L.R.A. 799; Klipfel's Estate v. Klipfel, 41 Colo. 40, 92 P. 26; Miller v. Sutherland, 131 Mont. 175, 309 P.2d 322.
By statute, the impediment of an existing marriage forecloses the possibility of any marriage throughout the existence of the impediment. During the months of May, June, July, and August, 1954, the appellant was married to Herbert Pugmier, and statements of the deceased concerning the common-law marriage made during that time to his neighbors could not establish any element of marriage by reason of the impediment of the existing marriage. Appellant's mother and one other witness testified that deceased made a representation of marriage after August, 1954. It was the duty of the trial court to determine the credibility of the witnesses and the weight to be given their testimony.
The consent required by I.C. sec. 32-201 must be given when the parties enter into the contractual responsibilities of marriage. There is but little evidence to support the element of consent; the evidence is to the contrary in that the actions of the parties demonstrate they intended to remain unmarried. Appellant's actions indicate she intended to realize the benefits of a single status, and in her personal affairs declared herself to be a single person.
There is ample and competent evidence to support the finding of the trial court, and this Court will not disturb it. Howay v. Howay, 74 Idaho 492, 264 P.2d 691; Jensen v. Chandler, 77 Idaho 303, 291 P.2d 1116; Anselmo v. Beardmore, 70 Idaho 392, 219 P.2d 946; Ryan v. Day, 74 Idaho 159, 258 P.2d 1146; In re Davenports' Estates, 79 Idaho 548, 323 P.2d 611.
The judgment is affirmed.
Costs to respondent.
TAYLOR, C. J., and SMITH, KNUDSON and McFADDEN, JJ., concur.