376 P.2d 938

**RULON H. JONES' FARMS, INC.,**
**Plaintiff-Respondent,**

**v.**

**Victor JONES and Rosalee Jones, husband and wife, Defendants-Appellants.**
**No. 9194.**

Supreme Court of Idaho.

Dec. 7, 1962.

A. A. Merrill, Idaho Falls, for appellants.

T. Harold Lee, Rigby, for respondent.

McQUADE, Justice.

Rulon H. Jones assigned to the plaintiff, a corporation, a promissory note and mortgage executed by the defendants. Plaintiff brought this action to recover on the note and to foreclose the mortgage. Rulon H. Jones is president and manager of the plaintiff corporation. The plaintiff contended that no payments had been made on the note since its execution. Defendants denied that the note was in default. Defendants claimed that the amount due on the promissory note was paid through sale of hay and pasture and rendering services by defendants for Rulon H. Jones, or plaintiff, and that the sum of $8,396.50 was to have been applied on the note as interest and principal.

Plaintiff contended that any amounts due defendants for services performed or produce sold to plaintiff were offset against other debts owing from the defendants to Rulon H. Jones or the plaintiff.

At the non-jury trial of the cause, both plaintiff and defendants presented evidence in support of their contentions. After presentation of the evidence, the trial judge, in his findings of fact, found that there was no agreement between plaintiff or Rulon H. Jones and the defendants whereby amounts due them for services or sale of produce were to be applied on the note; but found that such amounts were to be applied on other debts owed plaintiff or Rulon H. Jones by defendants; and also found that plaintiff or Rulon H. Jones paid money for some services performed and produce furnished by defendants; that defendants understood such credits were to be applied to current indebtedness; and that the defendants were indebted to plaintiff for the entire amount of the promissory note, plus interest. Pursuant to his findings, the trial judge entered a judgment for the amount due on the note and of foreclosure, authorizing sale of the mortgaged premises.

A review of the record discloses competent and substantial evidence to support the findings and judgment of the trial court. In Shellhorn v. Shellhorn, 80 Idaho 79, 326 P.2d 64, this Court held as follows:

"Where the findings of fact of the trial judge are sustained by competent, substantial, though conflicting, evidence, such findings of fact will not be disturbed on appeal. Anselmo v. Beardmore, 70 Idaho 392, 219 P.2d

946; Ryan v. Day, 74 Idaho 159, 258 P.2d 1146; Howay v. Howay, 74 Idaho 492, 264 P.2d 691; Jensen v. Chandler, 77 Idaho 303, 291 P.2d 1116."

This Court has carefully examined all of appellants' assignments of error and is of the opinion that no reversible error was committed in the trial of the cause.

The judgment is affirmed.

Costs to respondent.

SMITH, C. J., KNUDSON and Mc-FADDEN, JJ., and CARVER, D. J., concur.