379 P.2d 432

**R. T. McCLURE and Robert Bushey,
Plaintiffs-Respondents,**

v.

**Glen BRIGGS and Hazel Briggs, husband
and wife, K. C. Barlow and Francis Bar-
low, husband and wife, Dean Cook and
Edith Cook, husband and wife, Defendants-
Appellants,**

and

**J. T. Robinson, Additional Defendant.**

**No. 9157.**

Supreme Court of Idaho.

Feb. 28, 1963.

Nielson & Nielson, Burley, for appel-
lants.

Edward Babcock, Robert N. W. Balleisen, Twin Falls, for respondents.

McQUADE, Justice.

Plaintiffs, R. T. McClure and Robert Bushey, brought this action to foreclose their liens on certain lands in Cassia County. The liens were for work and labor performed and materials furnished in drilling certain wells for the defendants, K. C. Barlow and Dean Cook on lands then owned by Briggs.

Plaintiffs are engaged in the business of drilling wells. In the latter part of November, 1958, they entered into an oral agreement with the defendant, K. C. Barlow, to drill a well on lands situated in Cassia County. Plaintiffs contend the agreement provided they were to be paid $8.00 per foot for the first 250 feet drilled and $10.00 per foot for any additional footage drilled.

Plaintiffs further contend that under the terms of the agreement they did not guarantee water would be found; that no time limit was imposed upon them for completion of the work; and that there was no agreement as to placing casing in the well.

Pursuant to the above agreement, plaintiffs commenced drilling the well, hereinafter referred to as well No. 1, at a place designated by Cook. By the latter part of December, 1958, the well had been drilled to a depth of 425 feet. On January 15, 1959, plaintiffs moved to a new location to drill well No. 2 for the defendant, K. C. Barlow, pursuant to a second oral agreement between the parties. It is contended by the plaintiffs that the second agreement embraced the same terms as the first, except that the price to be paid for drilling the second well was to be $10.00 per foot for all footage drilled. Plaintiffs continued to work on the second well until March 3, 1959, at which time the well had been drilled to a depth of 430 feet. At that time, pursuant to a request of the defendants, Cook and Barlow, plaintiffs moved their equipment back to well No. 1 and cleaned out the well and put in casing. No additional agreement was made between the parties for this work.

Thereafter, the parties entered into another oral agreement for the drilling of a third well. Plaintiffs contend that this agreement contained the same terms as the

oral contract to drill the second well. After moving to a location designated by Cook to drill well No. 3, a dispute arose between the parties.

Plaintiffs had been paid the sum of $3,835.90 for the work performed on well No. 1 prior to the time they moved back to do additional work on that well in March. They claimed that the work done on well No. 1 during March was not included in the original contract entered into between the parties in November, 1958, and that they were entitled to payment for services performed and materials furnished in cleaning out the well and placing the casing therein. The defendant, Barlow, contended that under the terms of the first oral contract, plaintiffs were obligated to put in casing and that at the time they moved off well No. 1 in January, 1959, Bushey had agreed to come back and "complete" the well. Accordingly, he claimed that the work done in March was part of the original agreement and that he was not obligated to pay additional sums for such work.

Plaintiffs further insisted upon payment for the work done on well No. 3. Barlow, who had already paid $4,300.00 for work performed and materials furnished on well No. 2 claimed that this well had not been properly drilled. Barlow contended that this well had a "dogleg" at the depth of approximately 260 feet and that this prevented pumps from being used in the well to the extent that a proper amount of water could be obtained from that well. Therefore, he insisted that the monies paid for drilling well No. 2 should be applied to work done on well No. 3. Thus, Barlow asserts that he owed no additional sums on well No. 1 because the original agreement embraced the subsequent work done in March, and that the sums paid for drilling well No. 2 were not properly due plaintiffs from defendants because that well was not serviceable and therefore, the amount paid thereon should be applied toward the amount due for drilling well No. 3.

Payment of the amounts claimed due by plaintiffs for additional work done on well No. 1 and for drilling well No. 3 not being made, plaintiffs filed liens on the property upon which the wells were located. Thereafter, plaintiffs brought this action to foreclose their liens.

Defendants, K. C. Barlow and J. T. Robinson counterclaimed, contending that they had engaged the plaintiffs to drill the wells to obtain a supply of water to irrigate a crop of potatoes; that plaintiffs knew of this and had agreed to have the wells drilled in time to supply water to the potato crop; that due to the failure of the plaintiffs to properly drill well No. 2, it was unusable; that delay in drilling well No. 3 resulted in defendants being unable to irrigate their potato crop at crucial times shortly after planting; and that these acts on the part

of the plaintiffs resulted in damage to their potato crop. Accordingly, Barlow and Robinson sought to recover for these losses. Plaintiffs denied liability on this claim, contending that well No. 2 had been drilled properly. Plaintiffs further denied that any delay on their part with regard to drilling well No. 3 resulted in any injury to the defendants.

The case was tried to the trial judge without a jury. Each of the parties presented evidence in support of their respective contentions. After presentment of the evidence, the trial court found that the first agreement with the defendant, Barlow, did not include placing casing in well No. 1; that well No. 1 was tested and accepted by the defendants on the 20th day of December, 1958; that the defendants, Barlow and Cook thereafter requested plaintiffs to go back to well No. 1 and clean out the bottom of the well and place casing therein; that the plaintiffs were entitled to recover the reasonable value for such additional work on well No. 1; that the work of the plaintiffs on well No. 2 did not cause any obstruction or crookedness or difficulty in the operation of a pump on that well; that well No. 2 was accepted following testing in March of 1959; that the work of well drilling and operations of plaintiffs in regard to well No. 3 did not cause any delay in placing a pump on that well; that the work on all wells was per-

formed in a good workmanlike manner according to the general practices for well drilling in the area; and that, therefore, the plaintiffs were entitled to recover the contract price for the work on well No. 3 in addition to the reasonable value of services performed and materials furnished on well No. 1.

With regard to the cross-claim of the defendants, Barlow and Robinson, the trial court found that "none of the expenses, damages, or claims of the defendants were occasioned by any error, neglect, act of commission, or acts of omission on the part of plaintiffs' well drilling operations or work in any way or manner."

Pursuant to the above findings, the trial court entered judgment for plaintiffs on their respective claims and denying recovery to defendants on their cross-claims. Defendants moved for a new trial, contending that the findings of fact and conclusions of law of the trial court were contrary to the law of the case. The motion for a new trial having been denied, the defendants appeal from the order denying said motion and from the judgment, contending that the findings of fact, conclusions of law, and judgment of the trial court are unsupported by the evidence and contrary to law.

A review of the record discloses substantial, though conflicting, evidence in support

of the findings and judgment of the trial court. In Shellhorn v. Shellhorn, 80 Idaho 79, 326 P.2d 64, this Court held:

"Where the findings of fact of the trial judge are sustained by competent, substantial, though conflicting, evidence, such findings of fact will not be disturbed on appeal. Anselmo v. Beardmore, 70 Idaho 392, 219 P.2d 946; Ryan v. Day, 74 Idaho 159, 258 P.2d 1146; Howay v. Howay, 74 Idaho 492, 264 P.2d 691; Jensen v. Chandler, 77 Idaho 303, 291 P.2d 1116."

The reason for this rule is stated in Sellars v. Sellars, 73 Idaho 163, 248 P.2d 1063, and again in Shellhorn v. Shellhorn, supra, as follows:

"The trial judge is the arbiter of conflicting evidence and his determination of the weight, credibility, inferences and implications thereof is not to be supplanted by this Court's impressions or conclusions from the written record."

This Court has carefully examined all of appellants' assignments of error and is of the opinion that no reversible error was committed in the trial of the cause.

The judgment is affirmed.

Costs to respondents.

KNUDSON, C. J., and McFADDEN, TAYLOR and SMITH, JJ., concur.